UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MARVIN, | ) |
|        Petitioner, | ) |
| v. | ) Civil Action No. 1:21-cv-02956 (UNA) |
| UNITED STATES OF AMERICA, | ) |
|        Respondent. | ) |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner's application to proceed *in forma pauperis* ("IFP"), ECF No. 2, and his *pro se* petition for a writ of habeas corpus, ECF No. 1. Petitioner challenges the criminal charges brought against Jack Jesse Griffith in connection with what petitioner describes as "a mostly peaceful assembly by peaceful persons in Washington D.C.[,] on January 6[,] 2021." Pet. at 1. For the reasons explained herein, the IFP application will be granted, and the petition will be dismissed.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547

(2016)). This petition lacks any factual allegations showing that petitioner sustained (or is likely to sustain) an injury resulting from Respondent's alleged conduct.

Furthermore, as a general rule, a *pro se* litigant can represent only himself or herself in federal court.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004).

Finally, the Court notes that a "writ of habeas corpus shall not extend to a [petitioner] unless" he is "in custody" under some authority. 28 U.S.C. § 2241(c). A person is generally considered "in custody" if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) (holding that a paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty"), or subject to other "substantial" non-confinement restraints on liberty, *see, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973) (holding that a petitioner released on his own recognizance pending appeal of his sentence was "in custody" for purpose of habeas). Nothing in the petition suggests that petitioner currently is incarcerated, or is a probationer or parolee, or is otherwise restrained.  Petitioner is thus not "in custody" for habeas purposes, and the petition must be dismissed.

A separate order will issue with this memorandum opinion.

Date:  April 19, 2022

_____/s/_____
TIMOTHY J. KELLY
United States District Judge